FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 AUG -4 PM 12: 55
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FLOYD WRIGHT and LAURA L. HORTON, ) | |
| ) | |
| Plaintiffs. ) | |
| ) | |
| vs. ) | CV-99-BU-2000-M |
| ) | |
| JACKSON NATIONAL LIFE INSURANCE COMPANY and TERRY D. REED, ) | |
| ) | |
| Defendants. ) | |

ENTERED

AUG 0 4 1999

## MEMORANDUM OPINION

This Court, having considered Defendants' Notice of Removal (Doc. 1), finds that this case is due to be remanded to the Circuit Court of Etowah County, Alabama.

Plaintiffs Floyd Wright and Laura L. Horton filed this case against Jackson National Life Insurance Company and Terry D. Reed, alleging that misrepresentation, breach of contract, bad faith, suppression/concealment, deceit, negligent and/or wanton hiring, training and supervision, negligence, wantonness, breach of fiduciary duty, conversion, and discrimination, with regard to a life insurance policies purchased from Jackson National through its agent, Mr. Reed. Defendant Jackson National removed this case from the Etowah County Circuit Court, alleging that the joinder of Mr. Reed, an Alabama resident, was fraudulent. This Court, after a review of the record, finds that the individual

1

3

defendant, Reed, is not fraudulently joined in this action; therefore this Court is without subject-matter jurisdiction and the case is due to be remanded to the Circuit Court of Etowah County.

Federal courts are courts of limited jurisdiction. Therefore, this Court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendant, in such a case, may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not <u>absolutely</u> clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of Plaintiff and all "uncertainties' regarding the substantive state law are resolved in favor of Plaintiff.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Jackson National removed this case on the ground that Defendant Reed, an Alabama resident, was fraudulently joined in this action. Mr. Wright and Ms. Horton are residents of Alabama. Their Complaint contains allegations of misrepresentation and suppression against Jackson National, a non-resident corporation, and Mr. Reed, a resident of Alabama. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If Plaintiffs fraudulently joined Mr. Reed, this Court has jurisdiction over this action. If Plaintiffs did not fraudulently join Mr. Reed in this action, this Court is without jurisdiction and this matter must be remanded to the Etowah County Circuit Court.

Joinder is "fraudulent" for purposes of determining if removal was proper is three ways:

> 1. "[T]here is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor,Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).
>
> 2. "[T]here is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citing *Coker*, 709 F.2d at 1440).
>
> 3. "[A] diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

Jackson asserts the first type of fraudulent joinder. It contends that there is no "valid

claim" against Mr. Reed because:

> Reed, the only non-diverse defendant, was involved in the sale of the policy. However, the claims Plaintiffs assert arise not from the sale of the policy, but from the servicing of the policy. Reed <u>was not</u> involved in servicing the polciy. Specifically, Reed did not collect any premiums, oversee the collection of any premiums, change the manner in which the premiums were paid, or have any responsibility with respect to the servicing of the policy. Rather, Defendant Jackson National serviced the policy and is the sole proper defendant in this case.

(Doc. 1, ¶ 7 (emphasis in original))

The *Triggs* Court held:

> "If there is a ***possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.

*Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). Thus, in order for this Court to find that the joinder of the resident agent was fraudulent, this Court must find that the Alabama court would find that the Complaint fails to state a valid claim against Mr. Reed.

In Alabama, in determining whether a complaint fails to state a claim, "[A] court construes the allegations of the complaint in a light most favorable to the plaintiff, with all doubts and allegations resolved in his favor." *Selma Foundry & Supply Company, Inc. v. Peoples Bank & Trust Co.*, 598 So.2d 844, 849 (Ala. 1992)(quoting *Morton v. Prescott*, 564 So.2d 913, 916 (Ala.1990)). Moreover, a complaint does not fail to state a claim "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law." *Id.*

The Complaint alleges:

4

Agent Reed assured Wright and Horton that said policy would remain at a constant premium of $72.56, guaranteed for twenty years, would build cash value with the payment of premiums, and that said policy was a good investment. Agent Reed was told that Floyd Wright could not read or write and that all notices and/or correspondence dealing with said policy were to be sent to Horton, who is wright's daughter and the sole beneficiary on said policy.

Complaint, ¶ . The Complaint also states that Jackson National canceling the preauthorized charge option, and subsequently the policy, without notice to or consent from Plaintiff. Jackson National had sought to contact Plaintiff in August 1995 through Mr. Reed, whom -- the Complaint alleges -- was at all times aware of how to contact the Plaintiffs. The Complaint adequately states a claim that misrepresentation and suppression against Mr. Reed. Because the Complaint states a claim against Mr. Reed, an Alabama resident, there is not complete diversity in this case. Thus, the Court does not have jurisdiction and the cause is due to be remanded.

## CONCLUSION

Based on the foregoing, this Court finds that Defendant Jackson National has failed to show that Mr. Reed was fraudulently joined. Therefore, the case lacks complete diversity. This action will be REMANDED to the Circuit Court of Etowah County in a separate order entered contemporaneously herewith.

DONE this 4th day of August, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE